UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE ESTEBAN VALLEJOS POZO,<br>Petitioner(s),<br>v.<br>BRUCE SCOTT,<br>Respondent(s). | CASE NO. C26-3570-KKE<br>ORDER DENYING MOTION FOR TRO |

Along with Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, he filed a motion for temporary restraining order ("TRO"). Dkt. Nos. 1, 2. Petitioner's TRO motion requests that the Court enjoin the Government from transferring or removing him while his petition is pending. Dkt. No. 2. The Court subsequently issued a scheduling order, requiring (among other things) that the Government provide notice to Petitioner and any counsel of any intent to transfer Petitioner from this judicial district or remove him from the United States while the petition is pending. Dkt. No. 3.

Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court finds that Petitioner has not shown that he is entitled to the extraordinary relief requested because the Court's scheduling order provides adequate protection against imminent harm in the form of transfer or removal while his petition is pending. To the extent Petitioner also requests that the Court require the Government to provide it with information related to any pending removal proceedings (Dkt. No. 2 at 4), the Court expects that the Government will file relevant information along with its return, which is due on October 6, 2026. Dkt. No. 3. Emergency relief for this purpose is therefore not necessary.

Accordingly, the Court DENIES Petitioner's motion and will proceed to consider the merits of the petition in due course. Dkt. No. 2.

Dated this 22nd day of September, 2026.

Kymberly K. Evanson
United States District Judge