UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE ESTEBAN VALLEJOS POZO,<br>Petitioner(s),<br>v.<br>BRUCE SCOTT,<br>Respondent(s). | CASE NO. C26-3570-KKE<br>ORDER ON HABEAS PETITION |

Petitioner was arrested in August 2026 and has remained in immigration detention since then. Dkt. No. 11. He filed a petition for writ of habeas corpus under 28 U.SC. § 2241. *Id.* He argues that his detention is unlawful because the Government[1] violated his constitutional right to due process. *Id.* The Court agrees and will therefore grant the petition and order Petitioner's immediate release.

## I. BACKGROUND

Petitioner is a citizen of Chile who entered the United States in July 2022 via the Visa Waiver Program ("VWP"), and was authorized to remain in the United States through October 12, 2022. Dkt. No. 11-1 ¶¶ 1–2, Dkt. No. 16-1 at 3. Petitioner stayed beyond that date and, in July

[1] This order refers to the Federal Respondents collectively as "the Government."

2023, applied for asylum.[2] Dkt. No. 11-1 ¶ 5. In April 2024, Petitioner applied for employment authorization, which was approved in August 2024. *Id.* Petitioner is authorized to work in this country until August 1, 2029, and worked as a delivery driver until his detention. *Id.* ¶¶ 5, 8. While living in the United States, Petitioner got married, welcomed a son who is a U.S. citizen, and made friendships in the community. *Id.* ¶¶ 4, 9. Petitioner received two traffic tickets in 2023, but does not have any criminal history. *Id.* ¶ 6.

Petitioner was working as a delivery driver on August 8, 2026, when Immigration and Customs Enforcement ("ICE") officers approached him in his parked car in Portland, Oregon. Dkt. No. 11-1 ¶ 10. The officers arrested Petitioner on a Form I-200 warrant and eventually transported Petitioner to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. *Id.* ¶ 17, Dkt. No. 16-2. Petitioner had a bond hearing on September 8, 2026, where an immigration judge found that he was not eligible for bond or, in the alternative, that bond was denied because he is a flight risk. Dkt. Nos. 11-2, 20-1. Petitioner appealed the bond determination to the Board of Immigration Appeals. Dkt. No. 15 ¶ 18.

Petitioner filed this habeas action on September 21, 2026, and amended his petition on October 6, 2026. Dkt. Nos. 1, 11. For the following reasons, the Court will grant the habeas petition.

## II. ANALYSIS

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his arrest and detention violate, among other things, the Due Process Clause of the Fifth Amendment to the United States Constitution,

[2] At the time Petitioner was arrested, his asylum application was pending; on September 11, 2026, the Government notified Petitioner that his application would be referred to the immigration court. Dkt. No. 16-8.

which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Determining whether an administrative procedure provides the process constitutionally due

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206–07 (9th Cir. 2022). Courts in this district have recently applied *Mathews* when considering immigration habeas petitions, including those brought in the context of the VWP. *See, e.g.*, *Brito Fuentes v. Warden of Nw. ICE Processing Ctr.*, No. 2:26-CV-02687-SAB, 2026 WL 2641344, at *2 (W.D. Wash. Sep. 8, 2026). The Court will consider each *Mathews* factor in turn to determine whether Petitioner's detention comports with constitutional due process requirements applicable to a person, like Petitioner, who entered the United States lawfully, has lived freely and worked in this

country for a number of years, and is seeking asylum.[3] *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008) ("Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.").

**B. Petitioner Has a Protected Interest in His Liberty.**

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). That Petitioner was arrested and remains detained months later undoubtedly deprives him of a constitutionally protected interest in his liberty. *See Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]").

The Government could have detained Petitioner at any time after his VWP authorization expired in 2022 but did not do so until years later, after Petitioner developed significant ties to the United States through his family (including a U.S. citizen son), his work, and his involvement in the community. Petitioner's interest in maintaining his liberty is therefore strong. *See, e.g.*, *Brito*

---

[3] The Government concedes that Petitioner is not subject to 8 U.S.C. §§ 1225, 1226(a) or (c), or 1231, but argues that Petitioner is detained under 8 U.S.C. § 1187, consistent with *Matter of A-W-*, 25 I. & N. Dec. 45, 47 (BIA 2009). Dkt. No. 14 at 6–10. But courts in this district and circuit have found that Section 1187 does not contain detention authority and have declined to follow *Matter of A-W-*, as the Government acknowledges. *Id*. at 6–7 (collecting cases). The Government has not persuaded the Court that Petitioner's VWP participation means that he may be detained indefinitely without any process. As explained in *Brito Fuentes*:

> The Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Respondent's reliance on out-of-circuit caselaw and assertion that arbitrary prolonged detention is permitted for VWP participants when it is unconstitutional for any other asylum seeker is unconvincing.

2026 WL 2641344, at *1.

*Fuentes*, 2026 WL 2641344, at *2 ("Petitioner has a protected liberty interest in remaining free from custody, especially since he has lived in the United States since 2023, is the primary provider for his U.S. citizen daughter and granddaughter, and was actively engaged in immigration proceedings to secure lawful status prior to his re-detention."). The Court finds that the first *Mathews* factor strongly favors Petitioner.

**C. The Risk of Erroneous Deprivation of Liberty is High.**

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest, and here, the Court agrees with Petitioner that the risk of erroneous deprivation in the absence of a pre-detention hearing is high.

Here, Petitioner was not provided any notice or opportunity to be heard on his VWP expiration before he was arrested. The absence of pre-deprivation procedural safeguards leads to a high risk of an erroneous deprivation of Petitioner's liberty. Accordingly, the Court finds that the second *Mathews* factor favors Petitioner. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

**D. The Government Interest in Civil Detention Without a Hearing Is Low.**

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing.

Although it would require the expenditure of finite resources (money and time) to provide Petitioner notice and a hearing before arresting and re-detaining him, those costs are outweighed by the risk of erroneous deprivation of the liberty interest at issue. *See, e.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

For these reasons, the Court finds that the Government's interest in detaining Petitioner without a pre-detention hearing is minimal: any administrative or financial burdens in providing a pre-detention hearing to Petitioner are outweighed by the risk of erroneous deprivation of the liberty interest at issue. The third and final *Mathews* factor favors Petitioner.

As the Court's review of the *Mathews* factors makes clear, Petitioner's detention does not comport with due process.

## III. REMEDY

Having determined that Petitioner's detention violates his constitutional right to due process, the Court finds Petitioner's detention to be unlawful and will grant the habeas petition. The Court must now determine the appropriate remedy.

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013). "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "Declaratory and injunctive relief are proper habeas remedies." *Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022).

Here, the Court finds that the appropriate remedy for Petitioner's unconstitutional detention is immediate release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

Courts have granted habeas petitions and ordered immediate release of VWP participants arrested without a pre-detention hearing, and the Government's return does not persuasively distinguish this line of authority. *See, e.g.*, *Apollon v. Mullin*, No. 26cv4835-LL-JLB, 2026 WL 3153163 (S.D. Cal. Oct. 21, 2026); *Hsiao v. ICE Field Officer*, No. 1:26-cv-04143 (VC), 2026 WL 2836726, at *3–4 (E.D. Cal. Sep. 22, 2026); *Brito Fuentes*, 2026 WL 2641344, at *2. As in

those cases, the Court has found that Petitioner has a protected liberty interest because the Government did not promptly detain or attempt to remove Petitioner after his VWP authorization expired and instead granted his request for work authorization and processed his asylum application, thereby acquiescing in his continued presence in the United States. In these circumstances, the Court concludes that immediate release is the appropriate remedy for the constitutional violation.[4]

As requested in the petition, and not opposed by the Government (*see* Dkt. No. 19 at 13), Petitioner shall not be re-detained, absent urgent circumstances, without a pre-deprivation hearing at which the Government must demonstrate the justification for detention by clear and convincing evidence.

## IV. CONCLUSION

For these reasons, the Court GRANTS the habeas petition. Dkt. No. 1. The Court ORDERS that Petitioner shall be released from custody no later than October 29, 2026, with all of Petitioner's personal property in the Government's possession. The Government shall file a status report no later than October 30, 2026, to confirm Petitioner's release in compliance with this order. The Court will consider any post-judgment motion for attorney's fees, as requested in the petition.

Dated this 28th day of October, 2026.



Kymberly K. Evanson
United States District Judge

[4] Because the Court grants complete relief based on Petitioner's constitutional claim, it need not address his alternate argument regarding the sufficiency of the immigration judge's bond determination. *See* Dkt. No. 19 at 2.